IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL HOUSEMAN,

    Plaintiff,                        No. CIV S-10-1426 DAD P

    vs.

CHRISTOPHER SMITH, et al.,

    Defendants.           ORDER

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

        Plaintiff has also requested that if his motion for appointment of counsel is denied, that this action be dismissed without prejudice so that he may re-file it at a later date. Plaintiff is advised that the court can dismiss this action without prejudice pursuant to Rule

1

41(a)(2).  However, plaintiff is cautioned that a two-year statute of limitations applies in § 1983 suits under California law.  See Maldonado v. Harris, 370 F.3d 945, 954–55 (9th Cir.2004).  In addition, California prisoners, serving a term of less than for life, are entitled to two-years of statutory tolling pursuant to California Code of Civil Procedure § 352.1(a).  Finally, the statute of limitations is tolled while a prisoner completes the administrative exhaustion process with respect to his claims.  See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).  Therefore, the court will order plaintiff to inform the court whether he still wishes to voluntarily dismiss this action.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 27, 2011 request for the appointment of counsel (Doc. No. 18) is denied; and

2. Within fourteen days from the service of this order, plaintiff shall inform the court as to whether he requests voluntary dismissal of this action.

DATED: August 1, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hous1426.31+

---

[1] In the event plaintiff elects to proceed with this action, the court also notes that there is a motion to compel, filed by defendants on February 22, 2011, that is pending before the court and to which plaintiff has failed to file timely opposition.

2