IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL HOUSEMAN,

    Plaintiff,                       No. CIV S-10-1426 DAD P

    vs.

CHRISTOPHER SMITH, et al.,

    Defendant.                    <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that in violation of the Eighth Amendment, defendants have not provided adequate medical care to treat his ongoing back/spinal problem and associated pain. Before the court is defendants' motion to compel plaintiff's deposition, request for monetary sanctions, and request to modify the scheduling order in this action. Plaintiff has not filed an opposition although he was granted an extension of time to do soon March 24, 2011, and was also advised in this court's August 2, 2011 order that defendants' motion to compel was pending and that he had not yet filed his opposition thereto.[1]

---

[1] In that order, the court denied plaintiff's request for the appointment of counsel and ordered plaintiff to inform the court wether he still wished to voluntarily dismiss this action, as he had indicated should his request for counsel be denied. Plaintiff was advised that such a

1

I. Defendants' Motion to Compel

In their motion, defendants provide the following background. On December 16, 2010, defendants noticed plaintiff's deposition for February 8, 2011. (Mot. to Compel (MTC) at 1-2.) On February 8, 2011, defendants' counsel attempted to take plaintiff's deposition but plaintiff refused to cooperate in giving his deposition. Deputy Attorney General Jarhett Blonien asserts in his declaration that plaintiff did not attempt to contact him prior to the scheduled deposition nor did plaintiff in any way indicate to counsel in advance of February 8, 2011, that he did not intend to submit to the deposition. (Id., Decl. of Blonien at 1-2.) Rather, at the time set for his deposition, plaintiff merely explained that he was seeking representation and that he had been advised by counsel not to go forward with the deposition. (Id., Decl. of Blonien at 2.) Plaintiff also told Mr. Blonien that he was aware that he would be billed for the cost of the deposition, that he anticipated obtaining counsel in the next sixty-days, and that he would not be deposed without representation. (Id.)

Counsel for defendants provides the following accounting for his expenses incurred in the failed attempt to depose plaintiff, totaling $3,299.50: (1) four hours preparing for the deposition at a billing rate of $170.00 per hour, (2) eight and a half hours driving time from Sacramento to the California Substance Abuse Treatment Facility (SATF) in Corcoran and back to Sacramento, (3) mileage cost (463 miles at .50 cents per mile), (4) overnight stay at the Courtyard Marriott at a rate of $95, (5) meals in the amount of $40, (6) court reporter cost of $298, and (7) $510 for the additional three hours needed to prepare the motion to compel. (Id.)

Defendants request an order compelling plaintiff to attend his deposition, or in the alternative, an order terminating this action. (MTC at 2-3.) In support of this request defendants rely upon Rules 37(d) and 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. Defendants

---

dismissal would be without prejudice but that his action was still subject to the two-year statute of limitations under California law and applicable tolling provisions. Plaintiff filed a response to that order on August 11, 2011, indicating that he wished to proceed with this action.

1  also argue that plaintiff should be required to reimburse counsel for the costs associated with the
2  failed attempt to depose plaintiff.  (Id. at 3.)  Defendants argue that under Rule 37(a)(5) of the
3  Federal Rules of Civil Procedure, and a party who prevails on a motion to compel is entitled to
4  reimbursement for expenses incurred, including reasonable attorney fees, unless there is
5  substantial justification for the party's conduct or other circumstances that make the award
6  unjust.
7  　　　　　Finally, defendants request that this action be stayed until plaintiff has paid the
8  court ordered sanctions.  (Id. at 4.)  Defendants also request a modification of the court's
9  scheduling order issued on  November 4, 2010.  (Id.)  In this regard, defendants request upon
10  plaintiff's payment of monetary sanctions the scheduling order be modified in two ways.  First,
11  defendants request that the discovery deadline be extended for the sole purpose of allowing
12  defendants to take plaintiff's deposition and to file another motion to compel and for sanctions,
13  including dismissal of the action, in the event plaintiff again fails to cooperate in the taking of his
14  deposition.  (Id.)  Second, defendants request that the current deadline for the filing of dispositive
15  motions be vacated and a new deadline be set which allows them time to file such a motion after
16  plaintiff's deposition is taken.  (Id.)
17  II. Analysis
18  　　　　　Pursuant to the court's November 4, 2010 discovery and scheduling order,
19  defendants were required to provide plaintiff with notice of his deposition "at least fourteen days
20  before such a deposition[.]"  (Doc. No. 14, ¶ 4 at 5.)  Counsel for defendants represents that the
21  notice of the deposition was served on plaintiff on December 16, 2010.  Plaintiff's deposition
22  was noticed for February 8, 2011.  Accordingly, the court finds that plaintiff's deposition was
23  properly noticed in compliance with the court's scheduling order.
24  /////
25  /////
26  /////

Defendants' request for an order compelling plaintiff to attend and cooperate in the taking of his deposition will be granted pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure. However, defendants' reliance on Rule 37(d) in support of their motion to compel and for sanctions is misplaced. Rule 37(d)(1)(A) provides:

> *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if;
>
> (i) a party . . . fails, after being served with proper notice, to appear for the person's deposition . . . .

The reporter's transcript of the proceedings on February 8, 2011, confirms that plaintiff appeared at his noticed deposition but declined to testify for the reasons he stated as follows:

> [F]or the record, Attorney Steve Sanders is going to be representing Randall Houseman in the current case. And he informed me not to make statements on deposition at this time because he is not present. And he would be informing the court within 30 to 60 days.

(MTC, Ex. A at 3.) Binding Ninth Circuit precedent requires that Rule 37(d) of the Federal Rules of Civil Procedure be strictly construed and cannot be found applicable under these circumstances since plaintiff did in fact appear at his deposition. Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995) ("Estrada attended his deposition but refused to testify. This is not a 'failure to appear' for the purposes of Rule 37(d)."). The court also declines to impose the sanction of dismissal as provided for under Rule 37(b)(2)(A)(v) in connection with a failure to comply with a court order. Such an order is not justified in light of plaintiff's explanation that his refusal to testify on February 8th was based on the advice of an attorney who he anticipated would be representing him in this action.

As to defendants' request for monetary sanctions under Rule 37(a)(5), that Rule provides:

> If a motion [to compel discovery] is granted . . . the court must, after giving an opportunity to be heard, require the . . . deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

4

. . .

        (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

        (iii) other circumstances make an award or expenses unjust.

The court finds that it would be unjust to order monetary sanctions against the pro se prisoner plaintiff at this time. Again, the court notes that plaintiff apparently refused to participate in his noticed deposition based upon the advice of an attorney who plaintiff believed at the time would be substituting into this action on his behalf. Therefore, the court concludes that the imposition of monetary sanctions in the amount of expenses incurred by defendants counsel in attending the aborted deposition would be unjust under these circumstances. See Doe v. City of San Mateo, No. C 07-5596 SI, 2011 WL 500203, at *13 (N.D. Cal. Feb. 9, 2011) (request to impose monetary sanctions against a pro se plaintiff for failing to appear at, or attempting to postpone the taking of, her deposition rejected as unjust) However, plaintiff is forewarned that should he fail to comply with the court's order that he appear at his deposition and cooperate by responding to proper questions posed by defendants' counsel, the court will entertain any renewed motion for the imposition of sanctions, including the sanction of dismissal of this action.

        Finally, the court will grant defendants' request for modification of the court's discovery and scheduling order in order to allow defendants to depose plaintiff and thereafter file dispositive motions.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' February 22, 2011 motion to compel plaintiff's deposition, to obtain monetary sanctions and to modify the scheduling order (Doc. No. 15) is granted in part as follows:

        a. Defendants' request for an order compelling plaintiff to attend his deposition and to cooperate in the taking of his testimony at that time is granted;

        b.  Defendants' request for monetary sanctions is denied; and

        c.  Defendants' request to modify the scheduling order is granted.

    2.  Plaintiff shall appear and participate in his properly noticed deposition. Plaintiff is caution that should he fail to appear or should he act to impede, delay or frustrate the taking of his deposition, he will be subject to sanctions, including the possible dismissal of this action.

    3.  The court's Discovery and Scheduling Order, filed on November 4, 2010, shall be modified as follows:

        a.  The discovery deadline shall be extended to December 2, 2011, for the sole purpose of allowing defendants to take plaintiff's deposition and to file any necessary motion to compel discovery or motion for sanctions in connection with that deposition by the December 2, 2011, deadline.  Defendants are cautioned to comply with the November 4, 2010 Discovery and Scheduling Order's requirement with respect to providing plaintiff with adequate notice of the date of his scheduled deposition.

        b.  All pretrial motions, except motions to compel discovery, shall be filed on or before March 9, 2012.  Motions shall be briefed in accordance with paragraph 7 of this court's order filed July 27, 2010.

DATED: September 22, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hous1426.mtc