IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL HOUSEMAN,

    Plaintiff,               No. 2:10-cv-01426-DAD P

    vs.

CHRISTOPHER SMITH, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 24, 2012, defendants filed a motion for summary judgment; however, plaintiff has not filed an opposition to that motion.

        Local Rule 230(l) provides in part: "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." In the interest of justice, the court will provide plaintiff with additional time to file his opposition or a statement of non-opposition to the motion for summary judgment.

        Pursuant to the recent decision in Woods v. Carey, ___ F.3d ___, 2012 WL 2626912 (9th Cir. 2012), Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and that in Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs plaintiff of the

1

1 following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P.
2 56. Such a motion is a request for an order for judgment in favor of the defendant without trial.
3 A defendant's motion for summary judgment will set forth the facts that the defendant contends
4 are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a
5 motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do
6 this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made
7 under penalty of perjury in the complaint if the complaint shows that plaintiff has personal
8 knowledge of the matters stated and plaintiff specifies those parts of the complaint on which
9 plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth
10 the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or
11 declaration must have personal knowledge of the facts stated. Plaintiff may rely on written
12 records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may
13 rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or
14 admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence
15 with counteraffidavits or other admissible evidence, the court may accept defendant's evidence
16 as true and grant the motion. If there is some good reason why such facts are not available to
17 plaintiff when required to oppose a motion for summary judgment, the court will consider a
18 request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If
19 plaintiff does not serve and file a written opposition to the motion, or a request to postpone
20 consideration of the motion, the court may consider the failure to act as a waiver of opposition to
21 the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment,
22 whether opposed or unopposed, judgment will be entered for the defendant without a trial and the
23 case will be closed as to that defendant.
24        Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of
25 this order, plaintiff shall file an opposition to the motion for summary judgment in light of the
26 standards set forth above. In the alternative, if petitioner no longer wishes to proceed with this

1 | matter, he shall file a request to dismiss this action without prejudice pursuant to Rule 41(a) of
2 | the Federal Rules of Civil Procedure.
3 | DATED: July 16, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
hous1426.oppo